GILES JACKSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

(BY TWO JUDGES.)—1. When, on a trial for murder, it appeared that deceased had threatened prisoner's life, whereupon prisoner left the field where the quarrel took place, returned in about twenty minutes and said if deceased was going to whip him, he was now ready for him, and deceased advanced upon him, pistol in hand, upon which prisoner shot and killed deceased, and the jury returned a verdict of voluntary manslaughter, this Court will not disturb the verdict.

2. Provocation by threats will, in no case, be sufficient to free the person killing from the crime of murder or from manslaughter, if the circumstances reduce the homicide to that grade.

3. Where counsel for prisoner consents that the jury may return their verdict to the Clerk, it implies a consent that they may disperse after having done so ; and if the verdict so returned is one for " manslaughter," not specifying the grade, it is not error in the Court to order the jury to reassemble and change their verdict to either voluntary or involuntary manslaughter (and the jury do change it to voluntary manslaughter,) unless the prisoner can show that one or more of the jury have been tampered with or that his case has been otherwise prejudiced by reason of the dispersing of the jury.

4. The finding in this case is not contrary to the evidence. 20th February, 1872.

Criminal Law.    Before Judge STROZIER.    Dougherty Superior Court.    December Term, 1871.

Jackson and Horne had a quarrel in the field.    When they were quarrelling, Horne advanced upon him with a pistol and threatened to kill him.    When Jackson got to the end of his row, he went to the house and got *his* pistol and returned in about twenty minutes.    He notified Horne that if he intended whipping him he was ready.    Horne again threatened to kill him, and advanced upon him, pistol in hand, and Jackson fired and killed him instantly.

The Court charged the jury that no threats by Horne against Jackson "would excuse prisoner from the offense of murder or manslaughter."    When the Court adjourned, counsel consented that when the jury agreed upon a verdict they might hand it to the Clerk.    They found a verdict for "manslaughter," handed it to the Clerk and dispersed.    When the Court reassembled and learned this, he ordered the jury to reassemble and specify what kind of manslaughter they meant.    They reassembled and returned a verdict of voluntary manslaughter.

Defendant's counsel moved for a new trial upon the grounds that the verdict was contrary to the evidence; that said charge was wrong, and that said direction to the jury was illegal.    The new trial was refused, and that is assigned as error.

G. J. WRIGHT, for plaintiff in error.

No appearance for the State.

MONTGOMERY, Judge.

1. The facts of this case show a deliberate intention on the part of the prisoner to fight the deceased on account of a previous threat, made some twenty minutes before by the deceased against the life of the prisoner.    His remark that if

deceased was going to whip him he was ready for him now, coupled with the firing of the fatal shot immediately afterwards, on the prompt acceptance by deceased of the challenge thus thrown out, fully justified the jury in their finding, and the prisoner is fortunate in having escaped the severer penalty prescribed by the Revised Code, section 4445.

2. The obvious meaning of section 4259 of the Code, which provides that, "provocation by words, threats, menaces or contemptuous gestures, shall in no case be sufficient to free the person killing from the guilt and crime of murder," is that homicide shall not, by such means be reduced below murder; and not an implication, that while such provocation, etc., shall not free the person killing from the guilt and crime of murder, it may free him from the crime of voluntary manslaughter. Hence we find no error in the charge of the Court.

3. A consent on the part of counsel for prisoner that the jury may return their verdict to the Clerk, implies a consent that they may disperse after having done so; and if their verdict is for " manslaughter," not specifying the grade, it is not error in the Court to reassemble them, and submit the verdict to them again in order that they may specify the grade of manslaughter, unless the prisoner can show that his case has in some way been prejudiced by reason of the dispersion. The case is different from misconduct on the part of the jury pending the trial; that would throw the *onus* on the State of proving that the prisoner's case has not been prejudiced thereby. The verdict is sustained by the evidence.

Judgment affirmed.