## Shelton *vs.* O'Brien.

In a claim case, the court instructed the jury to find a verdict in favor of the plaintiff in execution or in favor of the claimant; the jury found a verdict "for the claimant in execution." Counsel for the claimant moved to put the verdict in form, but the court said it was already in form, and the jury dispersed, the court, however, having understood the finding to be merely in favor of the claimant. The court took a recess for dinner, and his attention was called to the fact that the jury had meant to find for the plaintiff in execution, as stated by some of them to plaintiff's counsel. After dinner, at the instance of plaintiff's counsel and over objection of claimant's counsel, the court assembled the jury, polled them, and upon each of them stating that he meant to find for the plaintiff in execution, the verdict was so altered:

*Held*, that this was error. While a verdict may be amended in m~re matter of form after the jury have dispersed, yet after it has been received and recorded, and the jury have dispersed, it cannot be amended in matter of substance, either by what the jurors say they intended to find or otherwise.

April 6, 1886.

.Verdict. Practice in Superior Court. Amendment. Jury and Jurors. Before Judge Roney. Warren Superior Court. October Adjourned Term, 1885.

Reported in the decision.

Tutt & Lockhart; A. S. Morgan; J. L. Gross, by brief, for plaintiff in error.

James Whitehead, by brief, for defendant.

Jackson, Chief Justice.

In this case the jury found this verdict: "We, the jury, find for the claimant in execution." Counsel for the claimant moved to put the verdict in form, to-wit: "We, the jury, find the property not subject;" whereupon the judge said, "It is in proper form." Thereupon the jury dispersed, having been discharged from further consideration of the case. When the judge said it was in proper form,

he understood it to read "for the claimant" simply, and not "for the claimant in execution." When the jury dispersed, the court took a recess for dinner, and then the plaintiff's counsel told him that the jury had meant to find for the plaintiff in execution, as he was told by some of them, and then for the first time the judge learned the exact words of the verdict. His instruction to the jury, as to the form, had been to find "for the plaintiff in execution" or "for the claimant."

After dinner, at the instance of counsel for plaintiff and over objections of claimant's counsel, the court assembled the jury together, polled them, and each said he meant to find for the plaintiff in execution, and the verdict was so altered.

By our statute, Code, §3492, "a verdict may be amended, in mere matter of form, after the jury have dispersed; but after it has been received and recorded and the jury dispersed, it cannot be amended in matter of substance, either by what the jurors say they intended to find or otherwise."

In *Wood and another vs. Milly McGuire's Children*, the jury found for all the children except one, finding neither for nor against him, and he had conveyed his interest to defendants, and the finding was for the four children four-fifths of the land. On a motion to set aside the verdict, because it was neither for nor against the other, or fifth child of Milly McGuire, the court below refused to grant the motion; but this court reversed the judgment, ruling that "informal verdicts may be amended, but the court has no power to supply substantial omissions;" thus holding that to find neither for nor against one of the plaintiffs was a substantial omission, though *it was admitted* that the plaintiff left out had conveyed his—the fifth—interest to the defendants, and *the court had instructed the jury to find against him.* 17 *Ga.*, 361.

In *Mullins vs. Christopher*, 36 *Ga.*, 584, the effort was made to define by the testimony of the jurors the sort of

currency they meant to find that the debt should be paid in, and this court, citing this section of the Code, decided that it was conclusive. "The language of the statute is clear and unambiguous. It is imperative, and must be obeyed. It prohibits the amendment of this verdict by what the jurors say they intended to find."

Doubtless the statute was codified from the case of *Wood and another vs. Milly McGuire's Children*, 17 *Ga.*, and if any matter of substance could be amended, surely that ought to have been allowed to stand, for the admitted facts and the charge of the court were conclusive that the jury meant to find against the fifth McGuire child.

So that, if such a verdict as that could not stand—and if subject to amendment because of ambiguity, it ought to have stood—how can we say that this may be amended and stand?

Is it mere matter of form? We cannot so say. It is of the essence, the vitals, of the case. It is not whether some one party was left out and no verdict found for or against him, but it is whether the jury found the property subject or not—whether for the plaintiff or claimant. Who upon earth could settle this substantial question from the words of the verdict? Nine men out of ten would say that it meant to find for claimant. So claimant's counsel thought, and proposed to put it in form for his client. So plaintiff's counsel seemed to acquiesce till he heard from the jury what they meant. But the jurors cannot tell what they meant after their dispersion, says the statute, if it be matter of substance, and if the issue for whom they find be not matter of substance, nothing is. Even failure to find for or against one out of five plaintiffs was held substantial. Much more is it substantial to omit to say, so that it can be known from the verdict, for which side the jury decides.

His honor, the presiding judge, invokes his charge to justify the amendment, in that he directed the jury to find for plaintiff in execution or claimant; but the statute says

that the court cannot amend by what the jurors say, *or otherwise.* His charge is within the words, " or otherwise," just as the charge to find *against* the omitted McGuire child comes within those words and gave birth to this section of the Code.

Outside of the unmistakable language of the statute, such a construction of it is essential to public policy. To hold otherwise is to open the doors to tampering with the jury to induce a change of the verdict by invoking affidavits of their intention. It is against the spirit of the well-settled rule that they shall not impeach a verdict after its delivery from the jury-box to the court. No good can come of the first step towards such evils. An inch will soon swell into an ell, and no bounds can well stay the flood. In the case at bar, of course nothing of the sort was done by party or counsel; but all parties and counsel, for all time to come, may not be above suspicion.

See also *Cobb vs. Wise, trustee,* 71 *Ga.,* 103.

Judgment reversed.