## BROOKE v. LOWRY NATIONAL BANK.

1. Where a debtor conveyed to his creditor land as security for the debt, and later bargained such land to another, making a bond for title and receiving notes, which he deposited with his creditor as additional collateral security upon a renewal of his note, depositing also deeds to his purchaser in escrow, in a suit by the creditor against the debtor to recover a personal judgment and also to have a lien declared and enforced against the land and against the notes of the proposed purchaser for any deficiency, such purchaser was a proper, though not a necessary, party.

(a) The other grounds of the demurrer were without merit.

2. Where a traverse to an entry of service of an equitable petition and process thereto attached showed on its face that the service was com-

plete, except that the copy of the petition served did not appear to have been signed by counsel for the plaintiffs, the traverse was properly stricken.

3. Where, upon notice by a creditor to his debtor of an intention to sue, the latter filed an equitable petition, seeking to enjoin the former from suing, but it did not appear that any restraining order or injunction was granted, or that the creditor in that action sought to obtain judgment or the enforcement of a lien against the security held by him, the mere pendency of the petition filed by the debtor furnished no ground for a plea in abatement to a suit brought by the creditor for the purpose of obtaining such a judgment.

4. Where a traverse to service and a plea in abatement filed by a defendant had been stricken and a demurrer to the plaintiff's petition had been overruled, but no answer had been filed, if an amendment had been made to the petition which materially changed the cause of action, this would have opened the petition as amended to answer; but the making of an immaterial amendment would not have that effect.

(a) The amendment made in the present case, by attaching to the petition as exhibits copies of certain papers which had already been referred to or described therein, and which, when attached, did not in any way change the cause of action, did not open the whole petition as amended to an answer, where none had been previously filed.

5. Under the circumstances of this case, it will not require a new trial, at the instance of the principal defendant, that the presiding judge directed a verdict for the principal and interest of the note on which the suit was brought, leaving to the jury only the question of the service of a notice of intention to sue in order to recover attorney's fees specified in the note, as required by the statute.

(a) Nor, under the facts of the case, will a reference, in the judge's charge, to the defendant's presence in the court-room and failure to testify, as being a matter for consideration by the jury, require a reversal.

6. After a verdict has been received and published, and the jury have dispersed, and a considerable time has elapsed, the presiding judge can not amend the verdict in a matter of substance.

MARCH 11, 1914.

Complaint. Before Judge Fite. Bartow superior court. March 24, 1913.

*George F. Gober* and *J. P. Brooke,* for plaintiff in error

*J. H. Porter* and *J. T. Norris,* contra.

LUMPKIN, J. 1. With one exception, the grounds of the demurrer to the petition as amended were plainly without merit. The petition was filed by the holder of a promissory note, to recover judgment against the maker and to have a special lien declared on certain land to which it held title by deed to secure the debt. The plaintiff also alleged, that, after the deed to secure the debt had been executed, the debtor made a bond for title to the land to a third person, and took his notes; that later the secured debt was

renewed, and the debtor executed two deeds to his purchaser, each covering a part of the land; that in renewing the original note the debtor of the plaintiff deposited with the plaintiff the notes of his purchaser as collateral security, and the two deeds in escrow; and that the purchaser had paid nothing on the notes. He was made a party defendant, along with the debtor, "merely in order that he may appear and be heard, should he have any objection or defense to raise as to the relief sought herein by the plaintiffs." No judgment was expressly prayed against him, but it was prayed that the plaintiff have a judgment declaring a lien against his notes deposited as security, as above stated, and a right to sell them to satisfy any deficit which might arise by reason of the failure of the land to sell for enough to pay the debt. The purchaser did not appear or raise any question as to being made a party. The original debtor demurred on the ground of misjoinder of parties. In view of the allegation that the land sought to be made subject as a security for the debt had been sold and the purchaser's notes had also been pledged as additional security, there was no error in overruling the ground of the demurrer filed by the original debtor, which set up misjoinder of parties. *McDougald* v. *Hall,* 3 *Ga.* 174; *Williams* v. *Terrell,* 54 *Ga.* 462, 465; San Francisco *v.* Lawton, 18 Cal. 465 (79 Am. D. 187); Street *v.* Beal, 16 Iowa, 68 (85 Am. D. 504); O'Brien *v.* Moffitt, 133 Ind. 660 (36 Am. St. R. 566, 33 N. E. 616).

2. The principal defendant traversed the entry of service of the petition and process. The traverse showed that the real objection was that the copy of the petition served on him appeared to be unsigned by counsel for the plaintiff, while the original appeared to have been signed by them. This furnished no sufficient ground for a traverse. If the petition were unsigned, the defect could be cured by amendment, and so unsubstantial a variance in the copy would not uphold the traverse and require new service. Civil Code (1910), § 5572; *Tatum* v. *Allison,* 31 *Ga.* 337.

3. Before the present suit was brought in Bartow superior court, the plaintiff's debtor filed in Fulton superior court (in which county the present plaintiff resided) an equitable petition seeking to enjoin the creditor from bringing it. When the case at bar was brought, the debtor filed a plea in abatement, alleging that the same matters were involved in the suit in Fulton county. Attached to

the plea was what purported to be a copy of the record on which it was based. From this it does not appear that the defendant in that case (the plaintiff in this) was enjoined from suing, or that it was there sought by it to obtain judgment on the note or against the security. Such a proceeding furnishes no ground for a plea in abatement to a suit brought by the creditor to obtain a judgment and enforce a lien on the security held by him. *Baker* v. *Davis,* 127 *Ga.* 649 (4, 5), 654, 655 (57 S. E. 62).

4. After the traverse of the entry of service and the plea in abatement had been stricken and the demurrer to the petition had been overruled, the principal defendant presented an answer, which recited that, "upon the filing of an amendment by plaintiff, which has been allowed by the court," he filed his answer to the amendment and the original petition. The presiding judge at first allowed this answer, but subsequently struck it on motion. The contention is that the amendment made by the plaintiff to its petition was so material that it opened the case for an answer to the petition as amended, under the Civil Code (1910), § 5652. That section declares that "An amendment to a petition, or plea, or answer, which materially changes the cause of action or defense, opens the petition, plea, or answer, as amended, to demurrer or plea. . . An immaterial amendment does not so open the petition or other pleading, and need not be answered at all, or shall be answered instanter." In the case before us the petition contained certain recitals as to notes of the purchaser from the defendant Brooke, and deeds from Brooke to such purchaser, which were deposited in escrow with his notes. The demurrer called for copies. The plaintiff voluntarily amended and attached copies of the notes and a deed. The suit was not based on these notes or this deed. They were described in the petition, and it is at least doubtful whether there was any necessity for attaching copies of them at all. In the petition it was alleged that, "more than ten days before the filing of this suit, plaintiff notified defendant, George W. Brooke, of its intention to enter suit to the July term, 1912, of this honorable court, as provided by statute." The amendment set out a copy of the written notice. It needs no argument to show the amendment did not "materially change the cause of action," and thus open the petition as amended to an answer. The demurrer having been overruled, and the other pleading of the defendant having been stricken, there was nothing for him to amend.

It was not contended that the case was open for an answer, under the decisions in *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131), *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314), and similar cases. But it may be well to remark that it was not held in those cases that a defendant could make his defenses at different terms of court, filing one after another had been dismissed. The legislative purpose in recent enactments looked toward prompter pleading at the first term, not toward delays by successive presentations of new defenses at later terms, as old ones failed and were stricken. The parties were in the midst of a trial at the second term of the case, and had announced ready. The demurrer had been overruled and the other pleadings of the defendant stricken. To have allowed an answer to the merits of the case would probably have required a continuance in order for the plaintiff to have met the new defense. Such is not the contemplation of the statutes. In this connection see Civil Code (1910), §§ 5635, 5653 et seq.; *Quillian* v. *Johnson,* 122 *Ga.* 49, 54 (49 S. E. 801) ; *Neal* v. *Davis Foundry and Machine Works,* 131 *Ga.* 701 (2), 703 (63 S. E. 221).

5. After the rulings above mentioned had been made, the case was submitted to the jury. The plaintiff introduced the note made to it by Brooke, the deed to secure its payment, and the notes of the other defendant made to Brooke and deposited as collateral security with the plaintiff; also a deed from Brooke to the other defendant, alleged to have been deposited in escrow by Brooke with the plaintiff. The note of Brooke to the plaintiff provided for ten per cent. attorney's fees if collected by law or through an attorney at law. The plaintiff introduced in evidence the written notice to the defendant, Brooke, of its intention to sue on the note, as required by the statute in order to collect the attorney's fees. The notice stated that suit would be brought to the July term of the superior court of Bartow county. It bore date July 6. On it was an entry of service, dated June 6th and signed by a constable. He testified that the service was in fact made on June 6th, and the paper was then in existence, though he had not noticed that it was dated July 6th. There was no conflicting evidence. With no pleading and no evidence on behalf of the defendant, we incline to think that the court might have directed a verdict for the full amount of the note, including the attorney's fees. This was not a case where the value was to be determined, nor was it a case of un-

32

liquidated damages. At any rate, the defendant was not injured by the direction of the verdict as to the principal and interest and the submission to the jury of the question whether the notice had been duly served under the statute. Nor, under such facts, will a new trial be required, even if the court should not in his charge have referred to the presence of the defendant in the court-room and his failure to testify, as a matter for consideration by the jury.

6. The judge instructed the jury to report orally their finding as to the attorney's fees, and, upon such report, caused the verdict to be put in proper written form and to be signed and published. Some time after the jury had dispersed, a motion was made for the judge to correct the verdict by striking out the attorney's fees. This was based on the ground that the judge had misunderstood what the foreman of the jury had orally stated as to the finding on that question. The judge made inquiry of the jurors and of others present in the court-room, and there appeared to be a difference in the answers on the subject. The judge overruled the motion. The Civil Code (1910), § 5695, provides, that, after the jury have dispersed, a verdict may be amended in mere matter of form; but that, after it has been received and recorded and the jury have dispersed, it can not be amended in matter of substance, either by what the jurors say they intended, or otherwise. To strike from a verdict a finding of $395.40 attorney's fees would be a very substantial amendment. *Shelton* v. *O'Brien,* 76 *Ga.* 820.

<div style="text-align: right;">

*Judgment affirmed. All the Justices concur.*