### 17445.   BROWN v. THE STATE.

BROYLES, C. J.   Where a jury in a criminal case bring in a written verdict of "not guilty," and the verdict is received and published (a poll of the jury being waived by both parties) but not recorded, and the accused is dismissed by the court and told that he can go, whereupon he leaves the court-house, but where, before the jury have left the jury-box, the court is informed by them, in substance, that they had agreed upon a verdict of "guilty" against the accused, but had inadvertently written it "not guilty," and where thereupon immediately, by order of the court, the accused is brought back into the court-room, and there in his presence and in the presence of his counsel the court instructs the jury to return to their room for further deliberation in the case, and where the jury, after doing so, return a verdict of guilty, and where each and every juror, upon a poll of the jury, answers that the verdict of guilty is his verdict (the polling being done over the objections of the accused,' and where the verdict of guilty is published and recorded and judgment thereon entered up and sentence passed, and where at the same term of the court the accused files a motion to arrest the judgment, upon the ground that the verdict of guilty and all orders and judgments of the court based thereon are illegal and void, for the reason that he has been acquitted and released of the same charge by a previous verdict of the same jury, *held,* that under the principle of the decision in *Groves* v. *State*, 162 *Ga.* 161 (132 S. E. 769), the denial of the motion in arrest of judgment is not error.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
>
> DECIDED AUGUST 4, 1926.

Criminal Law, 16 C. J. p. 1114, n. 41.

Carrying concealed weapon; from city court of Douglas—Judge Crawley presiding.   April 17, 1926.

*Chastain & Henson,* for plaintiff in error.