27897. MONROE *v.* ALDEN *et al.*

DECIDED FEBRUARY 5, 1940. REHEARING DENIED MARCH 6, 1940.

*William T. Thurman,* for plaintiff.
*McLarty & Cooper,* for defendant.

SUTTON, J. The plaintiff sued the defendants on an account for $348 and interest. The defendants filed an answer in which they denied that they were indebted to the plaintiff in the amount sued for, but admitted that they were indebted to him in the sum of $50, and they tendered that amount into court. The jury returned a verdict for the plaintiff against the defendants for "$300 and no interest. In full." Judgment was immediately entered thereon, but before the jury dispersed, and while they were yet in the jury-box, the foreman stated to the attorney for the plaintiff that it was the intention of the jury for the verdict to include $200 which had been paid by the defendants to the plaintiff on the account before the suit was filed, and that it was the real intention of the jury to give the plaintiff $100 more than had already been paid. The jury then informed the court that it was their intention to find, and they found, for the plaintiff the sum of $100 in addition to $200 which had been paid before the suit was filed. Thereupon the court instructed the jury that if that was their verdict it would be proper for them to render a verdict for $50, as the defendants had paid $50 into court. The jury then prepared and returned a verdict for the plaintiff for $50, and judgment was entered for that amount. The plaintiff's motion for new trial was overruled, and he excepted.

"A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." Code, § 110-111. Under a proper construction of the pro-

visions of this Code section, where a jury makes a mistake in writing a verdict, and the verdict as returned into court does not express or contain the true finding of the jury, the jury before dispersing may change or modify its verdict in matter of substance so as to express the true intention and finding of the jury. Also see *Herndon* v. *Sims,* 7 *Ga. App.* 675 (3) (67 S. E. 835); *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656 (2, 2-a) (90 S. E. 358); *Setzer* v. *Latimer,* 40 *Ga. App.* 247 (149 S. E. 281); *Johnson* v. *Oakes,* 80 *Ga.* 722 (6 S. E. 274); *Blalock* v. *Waldrup,* 84 *Ga.* 145 (2) (10 S. E. 622, 20 Am. St. R. 350).

■ But in the present case the court instructed the jury to return a verdict for an amount different from that which the jury had informed the court it intended to find, and accordingly the jury returned a verdict for the plaintiff for $50, instead of for $100, which last-mentioned amount the jury had informed the court it intended to find and had found in favor of the plaintiff. This was error on the part of the court, and was evidently brought about by the $50 which was tendered into court by the defendants. Under the verdict and judgment as finally rendered, the plaintiff could collect only $50 from the defendants. The verdict directed by the court did not speak the truth as found by the jury; and consequently the court erred in overruling the plaintiff's motion for new trial.           *Judgment reversed.     Stephens, P. J., concurs.*

FELTON, J., concurring specially. I think the proper way to dispose of this case is for this court to direct that the verdict and judgment be so amended by the lower court as to speak the true finding of the jury. In so doing this court would not violate the principle that this court can not make a verdict. The only error in the case is the judge's misconception of the effect of the deposit with the clerk, and his consequent error in directing a verdict the jury did not find. Since we know what verdict the jury did find, which is undisputed, the ends of justice will be subserved and expense of another trial saved by a simple direction which is in accord with truth and justice, and one which this court has authority to make for the purpose of bringing an end to litigation.