## 27883. McGAHEE *et al.* v. SAMUELS.

774

*Stevens & Stevens,* for plaintiff in error.

*Randall Evans Jr., Jack D. Evans, James R. Evans,* contra.

STEPHENS, P. J. Frank Samuels sued Frank McGahee and C. E. McGahee in a justice's court. A verdict and judgment for the defendants were rendered and the plaintiff filed a petition for certiorari. The following facts appear from the petition: On the conclusion of the trial of the case in the justice's court the justice ordered the jury to retire and make up their verdict; at the noon hour the court adjourned for lunch and the jury were left to deliberate further on the case; sometime during the noon hour the jury reached a verdict; the foreman wrote and signed the verdict, and the jury dispersed until the court reconvened; when the court reconvened at the agreed hour the verdict of the jury was examined in open court and was as follows: "We the jury find in favor of the plaintiff." It is alleged in the petition: "Whereupon the foreman announced that the jury was confused at the time of making the verdict as to who constituted the plaintiff and who constituted the defendants, and that in reality the jury had intended to find a verdict in favor of the defendants. The court inquired of plaintiff if he was willing to agree for the jury to change and correct their verdict to make it read: 'We the jury find in favor of the defendants.' Plaintiff's counsel announced that he could not agree to any change in the verdict for the reason that his client would not agree to a change in the verdict. Whereupon the court, with the consent of defendants' counsel, and without the consent of plaintiff or his counsel, did then and there instruct the jury as to who was the plaintiff and who were the defendants in said case, and did further instruct them to retire and write their true verdict in said case. Before retiring, the jury was polled by the court as to their verdict, and the jurors agreed that the intention of the jury was to find for the defendants in the case, instead of the plaintiff. The jury did then and there bring out a verdict in favor of the de-

fendants in the case. The verdict of said jury was then made the judgment of the court under the law governing such cases. Petitioner avers that said court erred in polling said jury as to their intentions and the intended verdict; and also in permitting the foreman of said jury to communicate any information of such confusion as existed in the minds of the jurors, after the verdict had been rendered; and the court also erred in instructing said jury as to what party constituted the plaintiff, and what parties constituted the defendants in said case, without the consent of all the parties to the case; and the court erred in permitting the jury to change the original verdict in said case and allow said jury to make another verdict after said jury had dispersed and reconvened, without the consent of the plaintiff in said case, and the court erred in making said verdict the judgment of the court." The justice of the peace adopted the allegations in the petition for certiorari as his answer. The judge sustained the certiorari and remanded the case to the justice's court for a new trial. To this judgment the defendants excepted.

"A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." Code, § 110-111. A verdict may not be amended in substance after it is received and recorded and the jury dispersed. *Wood* v. *McGuire,* 17 *Ga.* 361; *Mullins* v. *Christopher,* 36 *Ga.* 584; *Brooke* v. *Lowry National Bank,* 141 *Ga.* 493 (6) (81 S. E. 223); *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656 (90 S. E. 358).

The jury reached a verdict at the noon hour while the court was adjourned, and then dispersed. They reassembled in the jury box when the court convened after the noon hour. When the verdict was read and as the clerk was recording it the foreman of the jury stated that the jury had intended to find for the defendants instead of for the plaintiff as their verdict read, and the justice, after polling the jury, instructed them as to who was the plaintiff and who were the defendants, and then ordered the jury to retire and make up their verdict. The jury accordingly returned a verdict for the defendants. It does not appear that the jury had been discharged nor does it appear that any of its members were tampered with during the noon hour. Neither does it appear that the verdict had been recorded.

In *Johnson* v. *Oakes*, 80 *Ga.* 722 (6 S. E. 274), the Supreme Court held "Where a jury had been charged, and had retired at the dinner hour of the court, with instructions if they agreed on a verdict before the court met for its afternoon session to hand it to the clerk, and they did agree but their foreman took the verdict and put it in his pocket, and when the court met in the afternoon, the jury being in their box, the verdict was read and was a verdict for the defendant; and before the verdict was fully recorded, counsel for plaintiff suggested that there was a mistake and that the jury meant to find for the plaintiff, and upon inquiry being made of them, all with one exception answered that they had intended to find for plaintiff; it was not error to send the jury back to their room to agree upon a verdict, there being no suggestion that they had been tampered with and they not having been discharged from the consideration of the case, though it might have been better to declare a mistrial." The facts in that case show that when the jury reached their verdict, during the absence of the court and counsel, while the court was taking the noon recess, "the foreman put the verdict in his pocket and they dispersed." See also *Mitchell* v. *Langley*, 143 *Ga.* 827 (85 S. E. 1050, L. R. A. 1916C, 1134, Ann. Cas. 1917A, 469) ; *Jackson* v. *State*, 45 *Ga.* 198 (3) ; *Fant* v. *State*, 8 *Ga. App.* 438 (2) (69 S. E. 586) ; *Brown* v. *State*, 35 *Ga. App.* 660 (134 S. E. 193).

The decision in *Shelton* v. *O'Brien*, 76 *Ga.* 820, is not contrary to what was held in *Johnson* v. *Oakes* supra, nor to what is here held. In the *Shelton* case the jury dispersed after the court had received the verdict and it was evidently recorded. Thereafter, during the noon recess of the court, the plaintiff's attorney discovered from some of the jurors that they had intended to find for the plaintiff in execution instead of for the claimant, and counsel so informed the court. When the court reconvened after dinner, at the instance of the plaintiff's counsel, and over objections of the claimant's counsel, the court assembled the jury, polled them, and upon each stating that he intended to find for the plaintiff in execution, the verdict was changed or amended to so read. The Supreme Court held that this was error.

The justice of the peace did not err. The superior court erred in sustaining the certiorari and in remanding the case for a new trial. *Judgment reversed.* *Sutton and Felton, JJ., concur.*