DAVIS *et al. v.* WRIGHT.

No. 14053.   MAY 20, JUNE 17, 1942.

4

*Edward F. Taylor,* for plaintiffs in error.

*Blackshear & Blackshear* and *Lewis & Sell,* contra.

REID, Chief Justice. ■ The plaintiff, in her action against W. A. Davis, sought in the same petition to recover a money judgment against Davis for his alleged breach of promise to marry her, and to set aside and cancel a deed to certain real estate from W. A. Davis to himself as trustee for his minor son; it being alleged that Davis, pending his promise to marry the plaintiff, accepted certain moneys advanced by her to him, with the understanding and agreement that said moneys would be used to purchase certain described real estate to be used as a home by them after they were married, and the title would be taken in their joint names; and that, in breach of this promise as to the use of said funds, Davis, after receiving the advances made to the plaintiff, purchased the property in his own name and thereafter, so as to render himself insolvent, conveyed the property to himself as trustee for his minor child. The action to recover damages for breach of promise to marry is an action ex contractu (*Graves* v. *Rivers,* 123 *Ga.* 224, 51 S. E. 318), and is not inconsistent with or unrelated to the cause of action to declare certain real estate to be impressed with trust funds, where the funds were advanced by the

plaintiff to one of the defendants on the agreement and understanding that the property would be purchased in the joint names of the plaintiff and one of the defendants, and where, in breach of said promise, the property was conveyed to another defendant fraudulently and without consideration. The superior courts of this State have the power to grant legal or equitable relief, or both, in one action "such as the nature of the case may allow or require." Code, § 37-901. And equitable relief may be had "in connection with a suit claiming only such remedy or relief as is administered in courts of common law." § 37-902. Although one defendant might not be interested or concerned in all matters of litigation, that does not prevent him from being joined as a party defendant, where his appearance as a defendant is necessary to give complete and full relief in the prayers against the main defendant. The petition as amended was not subject to the demurrers on grounds of misjoinder of parties defendant or of causes of action. *Waters* v. *Brownlee,* 136 *Ga.* 182 (71 S. E. 6); *Goodroe* v. *C. L. C. Thomas Warehouse,* 185 *Ga.* 399 (195 S. E. 199); *Battle* v. *Royster Guano Co.,* 155 *Ga.* 322 (118 S. E. 343); *Mims* v. *Lifsey,* 192 *Ga.* 366 (15 S. E. 2d, 440).

■ On the trial of the case counsel for the plaintiff called the opposite party, W. A. Davis, as a witness for the purpose of cross-examination. At the conclusion of the examination the court refused to permit counsel for the defendant to examine the witness. It is apparent from the record that the opposite party was cross-examined as a witness, under the privilege given by the Code, § 38-1801. Under the circumstances, we are of the opinion that the court did not abuse its discretion in refusing to allow the defendant to be examined as a witness by his own counsel until he should subsequently be offered in his own behalf. See, in this connection, *Rainey* v. *Moon,* 187 *Ga.* 712 (2 S. E. 2d, 405); *Scarborough* v. *Walton,* 36 *Ga. App.* 428 (136 S. E. 830); *Akridge* v. *Atlanta Journal Co.,* 56 *Ga. App.* 812 (194 S. E. 590).

■ In the motion for new trial there are several assignments of error upon excerpts from the charge of the court. While all of these assignments have been carefully examined, only those contained in grounds 13 and 15 will be specifically dealt with in this division of the opinion. Ground 13 complains that the court did not correctly give in charge Code § 38-106, which defines prepon-

derance of evidence. The charge given was substantially the defi-- nition of this section, and there was no error in failing to give the precise language. Ground 15 complains that the court erred in charging the jury as follows: "The burden, of course, would be on him (defendant, W. A. Davis) to show that these trust funds did not go into the home." In giving the jury the contentions of the plaintiff, the court charged that the plaintiff contended, that by agreement she entrusted to the defendant, W. A. Davis, funds to be used in purchase of a home for their joint use; and that he commingled the funds and did purchase the home partly with funds so entrusted; that the defendant denied the plaintiff's contentions, and contended that, while he received funds from the plaintiff, none was used or intended to be used in the purchase of a home. In this immediate connection, the court stated the issue raised by the contention, instructing the jury that if they believed that funds were not so entrusted, the defendant would not be liable; but, if the jury believed the funds were so entrusted and commingled by the defendant, that the "burden would be on him to show that these trust funds did not go into the home." In the circumstances of this case, and when considered in connection with the entire charge, this was a correct instruction. Under the particular facts in this case it was authorized, and was but an application of the general principle found in the Code, § 37-302, which provides: "If a party, having charge of the property of others, shall so confound it with his own that the line of distinction can not be drawn, all the inconvenience shall be thrown upon him who causes the confusion, and he shall distinguish his own property or lose it." See also § 4-210; 3 C. J. S. 52, § 164b; *Town of Douglasville* v. *Mobley,* 169 *Ga.* 53 (4, 5) (149 S. E. 575); 2 Scott on Trusts, § 172; 3 Id. §§ 517, 518.

■ "The superior court may, in a proper case, mould the verdict so as to do full justice to the parties, and in the same manner as a decree in equity." Code, § 110-106. "A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." § 110-111. Though the jury may express their meaning in an informal manner and the court has the right to put it in such form and shape as to do

justice to the parties, according to the pleadings and the evidence, the court has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. *Wood* v. *McGuire,* 17 *Ga.* 361. As stated by this court in *McCrary* v. *Gano,* 115 *Ga.* 295, 296 (41 S. E. 580) : "After the dispersal of the jury, the judge has no power either to add to or take from their finding. It is true that under the direction given to the jury they were instructed to find interest in favor of the plaintiff; but their verdict did not embrace such a finding, and the court was without authority to make any finding for them. Suppose, in a given case, the verdict of a jury should be, in all respects, palpably contrary to the charge of the court. It certainly would not be contended that the judge would have the power to correct the error of the jury in disregarding the instructions of the court by discarding the verdict returned and substituting another in its place." There the court had directed a verdict in favor of the plaintiff for the principal, interest, and attorney's fees, but the verdict, as prepared and signed by the foreman, was only for principal and attorney's fees; and after the jurors had dispersed, the court instructed the plaintiff's attorney to insert an amount as interest in the verdict. This was held error. In *Shelton* v. *O'Brien,* 76 *Ga.* 820, a claim case, the court instructed the jury to find a verdict in favor of the plaintiff in execution or in favor of the claimant. The jury found a verdict "for the claimant in execution." After the jury dispersed, it was called to the court's attention that the jury meant to find for the plaintiff in execution, and on the same day the court assembled the jury and each of them stated that he meant to find for the "plaintiff in execution," and the verdict was thereby so altered as to find "for the plaintiff in execution." It was there held that this was an amendment in matter of substance, and that the court was without power in allowing such amendment. In *Brooke* v. *Lowry National Bank,* 141 *Ga.* 493 (81 S. E. 223), the court instructed the jury to report orally their findings as to attorney's fees, and upon their making their report the court caused the verdict to be put into proper written form, and it was signed and published. After the jury had dispersed, a motion was made to correct the verdict by striking out the attorney's fee. This motion was based on the ground that the judge had misunderstood what the foreman of the

jury had orally stated as to the findings on that question; and after inquiry was made of the jurors, there appearing to be a difference in the answers on the subject, the motion was overruled. It was there held that this was proper, because to have stricken from the verdict a finding of $395.40 as attorney's fees "would be a very substantial amendment."

The record in this case discloses that the jury first orally reported an agreement to "eliminate" the breach of promise suit and give the plaintiff a verdict for $825, "the money she advanced Dr. Davis in her trust fund, with legal interest." Because the jury failed to find as to how much of the amount received by the defendant in trust had been used in the purchase of the property, the court instructed the jury to deliberate further on this question, and the jury retired for further consideration of the case. Upon their return, the jury announced an oral verdict awarding the plaintiff $500 damages for breach of promise to marry, and $400 as the amount that they found had been used by the defendant Davis as trust fund in the purchase of the property. After some conversation between the court and the foreman of the jury in the presence of the other members of the jury, the court said: "Let us get this verdict straight. In the first place you find $500 for the breach of marriage contract?" The foreman: "Yes, sir." The court: "You find $400 of her trust fund went into the Monroe Street property?" The foreman: "Yes, sir." Thereupon the court dictated the verdict pursuant to the oral findings of the jury, and stated to the jury: "If that does not express your findings let me know now. Is that exactly what you want to find?" The foreman: "That is all right." The court: "That is the verdict you want to sign?" The foreman: "Yes, sir." And the verdict as written out was signed by the foreman. The verdict as reformed by the court changed entirely the findings of the jury as to the prayer for damages for breach of promise to marry, and substituted the sum of $825, instead of $400, as found by the jury that represented the amount plaintiff entrusted to the defendant for the purchase of a home for herself and the defendant, W. A. Davis. The jury in its verdict did not award the plaintiff interest from the date of advancement of the various sums, but the verdict as reformed by the court awarded to the plaintiff interest at the rate of seven per cent. per annum from the dates of the several

advancements. The verdict as originally rendered awarded to the plaintiff a total money judgment of $900, and as reformed by the court she was allowed $825. The original verdict and the verdict as reformed are alike in only two matters: that is, finding that $400 of the money entrusted by the plaintiff to the defendant, W. A. Davis, was actually used by him in the purchase of the home on Monroe Street, and that the deed from W. A. Davis to himself as trustee for his minor son should be canceled.

It is our opinion that the court, under the facts as shown in the record, was without power to reform the verdict in the manner described above, because to do so amounted to amending the verdict in substance. The court had authority to amend the verdict in matter of form, or to put it in such shape as to speak the true intent of the jury in accordance with the pleadings and the evidence; but it did not have authority to write a new verdict different from the one returned by the jury. The record shows that the finding by the jury of a money verdict of $500, in favor of the plaintiff on her prayer for damages for breach of promise to marry, was agreed to and assented to by the jury in open court, and that the verdict as signed by the foreman was dictated by the court; and after its dictation and after it was written out and read to the jury, the court asked the foreman in the presence of the other jurors if that was the verdict "you want to sign." The foreman responded in the affirmative, without any dissent from the jurors. We have examined the evidence, and it is sufficient to support such findings; and no reversible error otherwise appearing, it is our opinion that the judgment and decree should have been entered upon this verdict, and that the court was without authority in reforming the verdict and entering the judgment upon the verdict as reformed. We therefore direct that on the return of this case to the court below the trial court enter a final judgment and decree on the verdict of the jury dated November 16, 1940. *Robinson* v. *Alexander*, 65 *Ga.* 406; Code, § 6-1610.

*Judgment affirmed, with direction. All the Justices concur.*

After the decision in this case was entered, the plaintiffs in error brought their motion to tax the costs of the writ of error against the defendant in error. It is urged that the affirmance of the judgment with direction was a substantial modification of the judgment upon which error was assigned. This court has ruled in many

cases that the costs would be taxed against the defendant in error where there was a substantial modification of the judgment. *Finleyson* v. *International Harvester Co.,* 138 *Ga.* 247 (3, *b*), 248 (75 S. E. 103); *Savannah Bank & Trust Co.* v. *McQueen,* 149 *Ga.* 302 (7), 304 (100 S. E. 33). The same rule has been applied where the judgment is one of affirmance with direction. *Anderson* v. *Beasley,* 169 *Ga.* 720 (151 S. E. 360); *Guthrie* v. *Gaskins,* 173 *Ga.* 867, 868 (2) (161 S. E. 810). Bringing the case to this court on a pauper affidavit does not prevent the costs from being taxed against the defendant in error. *Sigman* v. *Austin,* 112 *Ga.* 570 (3) (37 S. E. 894). It appearing in the present case that this court's judgment of affirmance with direction was a substantial modification of the judgment upon which error was assigned, the costs of bringing the case to this court will be assessed against the defendant in error.              *All the Justices concur.*