### 50005. AZAR v. GENERAL MOTORS ACCEPTANCE CORPORATION et al.

EVANS, Judge.

Raymond J. Azar purchased a Pontiac automobile and financed same with General Motors Acceptance Corporation (G.M.A.C.). After making payments on the automobile, he was advised by letter from G.M.A.C. that the last payment had been made, and his contract and title certificate were returned to him, showing the security lien was satisfied, and that he owed nothing more except $95 in late charges.

Later, G.M.A.C. requested him by telephone to return these papers to G.M.A.C. and contended they had been sent to Azar as a result of some kind of mistake. G.M.A.C. then contended Azar owed, not only $95 as late charges, but $601.32 additional. Azar denied owing the claimed indebtedness, and requested that G.M.A.C. send him a copy of its records as to the status of the transaction in question, which G.M.A.C. refused to do.

G.M.A.C. employed Atlas Recovery Bureau, Inc. to get possession of the car from Azar, following which Atlas surreptitiously seized the car at night from Azar's possession without his knowledge or consent.

Azar gained possession of his car by instituting a dispossessory proceeding in Civil Court of Fulton County, in the trial of which possession was awarded to him.

Azar contended that during these activities his name was forged to a power of attorney as to the car. He filed suit against various defendants whom he contended were

liable because of participation in the foregoing matters, to wit, General Motors Acceptance Corporation (G.M.A.C.); General Motors Corporation; Boomershine Pontiac, Inc.; Taber Pontiac, Inc.; Atlas Recovery Bureau, Inc., and various employees of the foregoing defendants.

Among other things, plaintiff alleged the unlawful midnight seizure of his automobile; depriving him of its use; requiring his instituting legal proceedings to recover the car; that Boomershine fraudulently obtained a duplicate certificate of title to his car by forging Azar's name on a spurious power of attorney; and that General Motors reproduced or made a key to his car so it might be removed from his possession; that Taber Pontiac stored and kept the car from Azar's possession until ordered by the court to return it to Azar. He sought actual damage and punitive damages.

G.M.A.C. answered and contended it was insulated against the acts of Atlas in seizing the car at midnight, without Azar's knowledge and consent, because Atlas was an independent contractor, for whose conduct the law did not hold G.M.A.C. liable.

Discovery was had and G.M.A.C. moved for summary judgment. This motion was sustained, and plaintiff Azar appeals. *Held:*

1. Defendant moves to dismiss the appeal. While appellant should have fully complied with our Rule 18 (Code Ann. § 24-3618) requiring reference to the record by pagination in the brief, failure to do so will not preclude our consideration of the sole enumeration of error as to the grant of a summary judgment such as here, where the inconvenience occasioned is insubstantial. *Rainey v. Housing Authority of City of Atlanta,* 114 Ga. App. 333 (151 SE2d 534); *Cohen v. Garland,* 119 Ga. App. 333, 334 (1b) (167 SE2d 599); *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1, 2 (1) (169 SE2d 342). The motion to dismiss (in reality a motion to affirm) is denied. ‹

2. The undisputed facts show G.M.A.C. marked the contract paid and returned it, together with the title certificate, to plaintiff. It then attempted to force plaintiff to pay more than $600 without exhibiting its records to him. G.M.A.C. refused to allow plaintiff to see its records of the transaction and employed Atlas to get possession of

the car for G.M.A.C.

Plaintiff alleges the seizure was unlawful as held by the Civil Court of Fulton County. No attempt has been made to refute these allegations.

3. But defendant claims it was not responsible for the wrongful conduct of Atlas, hired by it to repossess the automobile while knowing full well it had already given up any lien papers it had on the automobile. It is true that ordinarily the principal or employer is not liable for the negligence of an independent contractor. But this generally refers to injuries to third persons, who may suffer damage because of the way and manner in which the independent contractor performs his job, and over which the principal or employer has no control.

But the rule is entirely different where the principal employs an independent contractor to perform a job *which is itself wrongful*. See Code § 105-502 (1). For illustration, A employs B as an independent contractor to build a house and a by-stander is injured because of the negligence of B, or one of his employees. In that case, A is fully insulated against B's negligent conduct because A retains no control over the way and manner in which this lawful work is performed by the independent contractor. But if A employs B as an independent contractor to demolish a house which is owned by C, and which A has no right to have demolished, then A is liable because the work is itself wrongful. A more extreme illustration would be if A employs B, an independent contractor, to cause a physical injury to C, leaving the time, place, method, etc. to B. There is no insulation that A can wrap around himself in such case.

The employer is not only liable for the negligence of the contractor when the work is wrongful in itself, he is liable if he ratifies the unauthorized wrong of the independent contractor. Here G.M.A.C. held and retained possession of the car after Atlas' midnight raid. The circumstantial evidence shows that G.M.A.C. was well-aware of all these facts as to Atlas' seizure of the car because it then called Azar on telephone and advised him that he could again obtain possession of his car by paying an elevated price of $801 to recover it, obviously adding in $65 it had paid Atlas. A jury must decide whether or not

the defendant is liable for the acts of Atlas in the foregoing trespass, including G.M.A.C.'s ratification of the trespass.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 12, 1975 — REHEARING DENIED MARCH 6, 1975 —

*Drew & Jones, Don M. Jones,* for appellant.

*Wilkinson & Wittner, A. Mims Wilkinson, Jr., John Gregory McCullough,* for appellees.