## 60188. PINHOLSTER v. McGINNIS.

The appellant minor, a passenger in an automobile stopped for an intersection red light in a line of traffic, filed this action by next friend seeking damages for alleged back injuries incurred when a car driven by the defendant collided with the rear of the vehicle in which he was riding. The case hinges on the propriety of a jury verdict for the defendant returned under rather unusual circumstances. The verdict as originally signed and returned read: "We the jury find the defendant guilty of negligence but not liable." The court asked counsel whether they wanted a jury clarification of the verdict and both sides agreed. The foreman then said: "Well, we felt that there was no doubt that Mrs. McGinnis was negligent in the fact that she admitted that her foot apparently slipped on the brake but . . . we still could not say definitely that this back problem was caused by the accident . . . when you were charging us the first thing you said [was] that the defendant could be negligent but not liable and this is what we felt." Asked if this meant that the plaintiff did not prove any damages, she replied, "Right." The court then, in order to be sure that the jurors were unanimous in that understanding returned them to the jury room. He then recalled and again questioned them. The foreman repeated: "We felt Mrs. McGinnis was negligent in the accident, the evidence that we saw . . . we did not feel that the accident was the cause of this low back pain." The jury was then returned with

two options — a money verdict for the plaintiff or a general verdict for the defendant — and returned the latter.

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 5, 1980.

*Richard J. Harris,* for appellant.
*Frederick W. Kramer, John G. Kennedy,* for appellee.

DEEN, Chief Judge.

1. It is contended that the court should have granted the motion for mistrial upon reception of the first verdict, or the motion for directed verdict on the issue of liability. A verdict may be amended in substance before the jury disperses so as to express the true finding of the jury. Code § 110-111; *Monroe v. Alden,* 61 Ga. App. 829 (1) (7 SE2d 424) (1940). Here all parties agreed to the method employed by the trial judge in questioning the jury and it is clear from the colloquy between the court and the foreman that there was a firm and unanimous conclusion that, regardless of the defendant's negligence in causing the rear end collision, this event was not the cause of the plaintiff's alleged injuries. The result is of course *damnum absque injuria.* As quoted in *Parris v. Atlanta, K. & N. R. Co.,* 128 Ga. 434, 437 (57 SE 692) (1907), " 'The commission or omission of an act by the defendant, and damage to the plaintiff in consequence thereof, must unite to give him a good cause of action. No one of these facts by itself is a cause of action against the defendant.' " Proof that the plaintiff's impaired condition was not the proximate result of the defendant's negligence demands a verdict in favor of the latter. *Walls v. Parker,* 146 Ga. App. 882 (2) (247 SE2d 556) (1978). The motion for mistrial on the ground that the verdict was illegal was under these circumstances properly denied, since it could be amended and the parties agreed on the method of ascertaining the true jury intent, which was then expressed in a proper form.

2. The jury did in fact find the defendant negligent; accordingly, any error in the charge relating to negligence would be harmless to the plaintiff.

3. A judgment will not be reversed for the purpose of allowing a recovery of nominal damages only. *Williams v. Herrington,* 12 Ga. App. 76, 78 (76 SE 757) (1912).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*