A89A0217. BENTON v. WESLEY MACHINERY, INC.
(381 SE2d 577)

POPE, Judge.

Plaintiff Wesley Machinery, Inc., sued defendant Dr. Phillip Benton on an open account for farm equipment, repair services and other goods and services supplied by plaintiff to defendant. One of the items on the account was a mower listed at $8,323. During deliberations the jury sent in a written question to the court asking which party would retain ownership of the mower upon termination of the case. The judge replied in writing that the issue of ownership of the mower had been resolved by agreement between the parties but did not inform the jury of the substance of the agreement. The jury returned a verdict in favor of plaintiff for $6,710.38 damages plus $261. interest. The judge accepted the verdict and thanked the jurors for their service. As some of the jurors rose to leave, the judge volunteered that the parties had agreed the defendant would get the mower upon payment of the judgment. The jury foreperson indicated that the jurors had assumed otherwise in arriving at their verdict. The judge permitted the jury to retire for further deliberations and the

jury then returned a verdict in favor of plaintiff for $9,206.61 damages and $1,288.93 interest. Defendant appeals.

1. The court supplied the jury with a verdict form stating: "We the jury find: (1) As to the issue of damages: ___ (2) As to the issue of interest: ___." Defendant argues the form was in error because it did not give the jury the option of finding for defendant. In fact, the form did not fail to give the jury the option of finding for the defendant because the jury could have indicated a finding of zero as to each of the two issues presented on the verdict form. Moreover, the court instructed the jury that if it did not think the plaintiff was entitled to recover it should find for the defendant, "and the form of your verdict would be: We, the Jury find for the Defendant." Here, the court properly instructed the jury as to each of the various possible verdicts authorized by the evidence. Compare *Vaughan v. Farmers & Merchants Bank*, 146 Ga. 51 (4) (90 SE 478) (1916).

2. Defendant also argues the court erred in permitting the jury to retire for further deliberations after returning the first verdict. "[A]fter a verdict has been received and recorded and the jury has dispersed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise." OCGA § 9-12-7. Here, the original verdict was received by the court and the jury was dismissed. However, before the jurors had actually dispersed and even before they left the jury box the foreperson indicated the verdict did not express the intent of the jury in light of the unknown agreement between the parties regarding ownership of one of the pieces of equipment at issue in the case. Contrary to defendant's argument, although the jury had been dismissed, it had not yet dispersed. The court does not err in causing the verdict to be reformed to reflect the intent of the jury before the jury is dispersed. *Suber v. Fountain*, 151 Ga. App. 283, 291 (259 SE2d 685) (1979); *Ballard v. Turner*, 147 Ga. App. 584 (3) (249 SE2d 637) (1978); *Monroe v. Alden*, 61 Ga. App. 829 (1) (7 SE2d 424) (1940).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 14, 1989.

*Beck, Owen & Murray, Samuel A. Murray, Richard L. Collier*, for appellant.
*Don H. Taliaferro*, for appellee.