GIRARDEY *et al. vs.* BESSMAN *et al.*

1. The discretion of the presiding judge in granting a new trial on the ground that the verdict of the jury is contrary to the decided weight of the testimony, will not be controlled unless the facts make it manifest that such discretion was abused; and where the whole equity of the case of plaintiff in error depends on the establishment by parol proof of a trust deed said to have been executed fifteen years before the trial of the case, and a will and power of attorney in writing executed about the time the trust deed sought to be set up, is alleged to have been made, appear wholly inconsistent with the idea that such a deed ever was made, and there is no evidence in writing of any act of the defendant as trustee, except a single receipt for rent of one piece of the trust property, and where there is newly discovered evidence tending to show that such receipt was not genuine, and that a newspaper had been found since the trial containing a publication also apparently inconsistent with the deed made by authority of the maker of the trust deed in respect to the agency of the trustee, and where this is the first grant of a new trial in the cause, and its general appearance and the circumstances sur-

rounding it seem to this court to justify, if not to demand, another investigation:

*Held,* that in such a case the discretion of the presiding judge was not abused.

2  Where, during a regular term of the court, both parties appeared before the judge and argued a motion for a new trial whilst the court was in recess, and the judge wrote out his decision and therein ordered the same to be entered on the minutes as of this term, and it was so entered but under a wrong date;

*Held,* that the decision is to be considered as one made in term, and that the error in the date of the entry is matter for correction of the minutes, and not cause for reversal of the judgment.

3.  Where a motion is made in term for a new trial and continued from time to time by order of court, the same may be amended at any time before final disposition.

New trial. Practice in the Superior Court. Amendments. Before Judge GIBSON. Richmond Superior Court. October Term, 1878.

Mrs. Girardey and her children, filed their bill against Bessman *et al.*, to enjoin the sale of certain realty under a mortgage from Girardey to Moore, and for other purposes. The merits of the case depended upon setting up a certain trust deed from Girardey to Bessman, as trustee of complainants, which was alleged to have been lost. The injunction was refused, and the property sold; complainants then proceeded for the proceeds of the trust property. The evidence as to the principal facts was very conflicting; this conflict is sufficiently set out in the opinion. The jury found a verdict setting up the deed and finding for complainants, $18,000.00. Defendants moved for a new trial on various grounds. The original *rule nisi* granted at the same term as the trial, the April term, 1877, called on complainants to show cause on the second Monday in June next, whether it be in term time or vacation  *  *  provided that if said motion be heard in vacation, every right is reserved to either party, as if heard in term time, with liberty of exception. At the next (October) term an order was taken "that the order taken at the last term of this

court be extended so as to authorize decision in vacation, or at any special term of this court prior to the next term, and if heard in vacation is to be on ten days notice," etc. The next regular term met on the third Monday in April, 1878. On June 27, 1878, no hearing having been had, an order was taken, allowing further time, and that the case be heard at any time in vacation on ten day's notice. On October 19, 1878, an order was passed reciting that notice having been given by counsel, and all parties consenting, the case should be heard October 25. The fall term of court met October 21st, continued until October 24, adjourned to October 26th, continued regularly from then until November 16th, adjourned to December 2d, met on that day and adjourned to December 16th, when it again met. The hearing took place according to order on October 25th. The judge's decision on the motion was dated December 6th; it is marked, filed December 7th, 1878; but appears as entered on the minutes, December 2d, 1878. At the hearing, counsel for complainants moved to dismiss the motion, among other reasons, because the motion for new trial was not entered on the minutes or records of said court at the first term, nor ever had been.

The motion to dismiss was overruled. Counsel for defendants moved to amend their motion for new trial; the amendment was allowed. The motion for new trial was then granted, and complainants excepted.

HOOK & WEBB; FRANK H. MILLER, for plaintiffs in error, cited, as to decision in vacation, 60 *Ga.*, 123; Code, §249. On amendment, Code, §3503.

BARNES & CUMMING; M. P. CARROLL, for defendants, cited, on time of decision, 30 *Ga.*, 249.

JACKSON, Justice.

1. In this case the presiding judge granted a new trial, putting the grant mainly, if not solely, on the ground that the

verdict was not sufficiently sustained by the evidence, and that the entire cause and the interests of justice demanded a new trial.

The equity of the complainants, who recovered $18,000.00 from the defendant by the verdict, depends upon the proof and establishment by parol of a trust deed said to have been made by Girardey to Bessman, and accepted by Bessman, in the year 1861, on the eve of Girardey's departure to Pensacola in the late war. Two witnesses swear that they attested the deed—that it was a deed and not a will—that Bessman signed it also, after the words "I accept the trust"—and they detail the place and exact date where it was executed, going into minute particulars in regard thereto. One or two other persons corroborate what they say in part at least.

On the other hand, it appears that this deed stripped Girardey of every iota of his property, and that on the very next day he made a will disposing of all his property—alleging that he was about to leave for the army, and in that view had made it ; and that he made Bessman one of the executors of this will. This will is in writing, and there is no doubt about its execution at all. It is strange that on the 11th of April, 1861, he gave by a trust deed all his property to his wife and children, and on the next day made a will by which he gave it to the same persons at his death, and made the same man one of the executors of the will.

It also appears that he made a power of attorney to Mrs. Girardey on the 12th day of April to attend to his business during his absence, which seems inconsistent with the deed of trust to Bessman on the 11th of the same month.

It is also strange that Bessman should have accepted the trust under a deed which stripped Girardey of all his property when Girardey owed him $6,000.00, if that debt was owing in 1861; and if he loaned the money afterwards, it seems equally strange that he should have done so when he knew that Girardey had given away all his property.

Men are not apt to accept trusts which deprive them of all hope of recovering $6,000.00 loaned, or of lending $6,000.00 to one whom they know has not a cent of property.

These circumstances are strong; and coupled with the newly-discovered testimony which shows that a newspaper has been found, of date April 14, 1861, containing a publication by Girardey that Bessman had kindly consented to be his agent in his absence, and that the only scrap of written testimony fixing trusteeship upon Bessman—to-wit: the receipt of house-rent from Cook—is assailed by circumstances affecting its genuineness, and suspicion of fraud imputed to the complainants in its discovery at Cook's residence, we think that they are strong enough to authorize the judge to grant the new trial—at least to authorize us to say that he did not thereby abuse the discretion given him by law.

In the language of Judge BLECKLEY in another case, "the general countenance of the case" does not look as fair as it might, and a thorough investigation *de novo* may clear up what seems now to be very dark and suspicious.

We are satisfied that the ends of justice will be more satisfactorily reached by such an investigation, and decline to interfere with the judgment.

If any errors were committed by the court in the trial of the case, they will, it is presumed, be corrected on the new trial. None appear to us clearly shown in this record.

2. In regard to the assignment of error in respect to the rendition of the judgment granting the new trial in vacation, or during the recess of the court, but before the final adjournment of the term, and the mistake of the clerk in entering the judgment on the minutes on the wrong day— a day before it had been written—we are of the opinion that the entry is matter to be corrected at any time, and that, under the facts of this case and the various orders taken from time to time, the judge might well have felt authorized to act in vacation, perhaps even after the final adjournment; but that in this case, the term not being adjourned finally, but the court merely adjourned for recess for a few days to re-

sume business again for the same term, the judgment may be considered, for all practical and substantial ends, to have been rendered in term.   And in that view we sustain the ruling of the court.

3.  A motion for new trial, when made in term and continued from time to time, as this has been, under divers orders, all looking to a hearing on the merits, and continued part of the time on account of sickness of counsel on one side and part on account of death of counsel on the other side, may be amended at any time until disposed of finally. Indeed, such is the general rule.

In this case we are clear, as both parties were fully heard on the motion, and it has been tried and argued on its merits, that it ought to have been decided on its merits, and not disposed of on any merely technical grounds; and agreeing with the presiding judge that truth will be more clearly brought to light and the ends of justice promoted by another trial, we affirm his judgment awarding it.

Judgment affirmed.