## HUBBARD *v.* McRAE.

As the verdict in favor of the plaintiff manifestly includes both principal and interest, and does not specify separately the amount of each, a new trial will be required unless the plaintiff will renounce all future interest upon the judgment. Direction is therefore given that if the plaintiff, during the term at which the *remittitur* from this court shall be entered, will make and file such a renunciation and amend the judgment already rendered in her favor accordingly, that judgment shall stand affirmed; otherwise, the judgment below is reversed.

March 25, 1895. Brought forward from the last term. Code, §4271(a-c).

Appeal. Before Judge GOBER. Cobb superior court. November term, 1893.

C. D. PHILLIPS and T. B. IRWIN, for plaintiff in error. CLAY & BLAIR, *contra.*

LUMPKIN, Justice.

This was an action in a justice's court upon two promissory notes for fifty dollars each, dated January 6th, 1891, due twelve months after date, bearing interest from date at eight per cent. per annum, and each containing a stipulation in the following words: "If this note is not paid as agreed when due, at the end of one year from this date, and annually thereafter, it is hereby

v 95-45

agreed for the interest accrued to become principal and to draw interest at the agreed rate, and to be counted in that way." Each of the notes was credited, on November 3d, 1892, with fifteen dollars; and on November . . . , 1892, with five dollars.

The case went by appeal to the superior court, was tried January 23d, 1894, and the following verdict was rendered: "We, the jury, find for the plaintiff $82.55; also, 10 per cent. attorney's fees." There was a motion for a new trial by the defendant, one of the grounds of which complained that the verdict was erroneous "in failing to state the amount of principal due said plaintiff, and the date thereof, so as to compute the interest intelligently and accurately."

In view of section 2054 of the code, which provides that all judgments in this State shall bear lawful interest upon the principal amount recovered, and of section 3570, which provides that no part of a judgment shall bear interest except the principal which may be due on the original debt, the objection was well taken. The language in which the objection is expressed is not very apt; but its obvious meaning is, that the verdict includes both principal and interest in one gross sum, and that unless corrected, the judgment entered thereon would bear interest against the defendant upon both the principal and interest of the balance of the original debt after deducting the credits. In point of fact, the judgment entered in this case does allow interest on the entire amount recovered. It is true the judgment recites that the $82.55 is "the principal sum," but a calculation will show that this recital is manifestly incorrect, and that the sum recovered necessarily includes both principal and interest. Although the notes do stipulate for compound interest, and granting that this is legal, as was intimated in *Hadden* v. *Larned*, 87 *Ga.* 642, it will be observed there was not, as seems to have been true

in that case, any stipulation in the notes that the interest accrued up to judgment should bear interest, but simply that the interest should be compounded annually, beginning on the 6th day of January, 1892. Giving to the plaintiff the fullest benefit of the stipulations in the notes, there could be no right whatever to have the interest accrued up to any other day become principal and bear interest as such. Therefore, on the 23d day of January in any year, there would inevitably be at least a small amount of interest included in the total amount due upon the notes; and as the verdict in this case was rendered on the 23d day of January for the gross amount then due on the notes, a part of the plaintiff's recovery was undoubtedly interest. As already stated, however, the only prejudicial result to the defendant would be charging him with interest on interest, as well as interest on the principal of the debt; and as this result can, at the plaintiff's option, be obviated, we have given direction that if, during the term at which the *remittitur* from this court shall be entered in the court below, she will make and file a renunciation of all future interest upon the judgment, and have the judgment itself amended accordingly, there shall be no new trial; otherwise, the judgment of the court below must be reversed. A somewhat similar state of affairs was presented in the case of *Buice* v. *McCrary*, 94 *Ga.* 418, and the difficulty was removed by a direction substantially the same, in effect, as that now given.

*Judgment affirmed, with direction.*