## BISHOP *v.* PENDLEY LUMBER COMPANY *et al.*

1. Where there is a suit against three defendants and a claim of set-off is filed by two of them, a verdict in favor of the defendants generally for a given sum will be construed as one in favor of the defendants pleading the set-off for the amount specified in the verdict, and in favor of the other defendant generally; and as the plaintiff in this case was not concerned in the division of the amount found between the two defendants claiming the set-off, the failure to name the defendants furnishes no ·ground for disturbing the verdict at his instance.

2. A verdict finding in favor of a party a given amount "including interest," which does not segregate the principal and the interest, is defective and ambiguous, and the judgment based upon such a verdict, though it attempts to segregate the principal and interest (no basis for the apportionment of the principal and ·interest as they appear in the judgment being found in the record), will be arrested upon timely motion in arrest of judgment being filed. But since the only prejudicial result to the complaining party from a verdict in this form is that a judgment based thereon would bear interest, thus causing interest to be calculated upon interest, the defect in the verdict and judgment in this case may be remedied, provided the party in whose favor the amount was found will renounce all future interest and that accruing after the date of the judgment, and will, at the time at which the remittitur from this court shall be filed in the court below, or within twenty days thereafter, make and file such renunciation and amend the judgment already rendered in his favor accordingly. If this be done, the judgment refusing the motion in arrest of judgment in the court below will stand affirmed; otherwise reversed.

JUNE 13, 1914.

Equitable petition. Before Judge Fite. Murray superior court. May 16, 1913.

L. L. Bishop brought an equitable petition against the Pendley ·Lumber Company, a partnership of which the plaintiff was a member, and against the other members thereof, William Pendley and Willis Pendley, praying for a dissolution of the partnership on the grounds set forth, for injunction, the appointment of a receiver for all the assets, a settlement of the partnership matters, and an accounting among the partners of claims growing out of individual transactions among the partners; and for judgment against his copartners, after accounting, for such amounts as might be .due him from them. Defendants filed their plea and answer, denying the allegations upon which petitioner based his demand for a judgment against them, and setting up certain counter-claims which William and Willis Pendley, two of the defendants, asserted against the petitioner. Upon the trial the jury returned the following verdict:

"We, the jury, find in favor of the defendants one thousand ($1,000.00) dollars including the interest." Upon this verdict the following judgment was entered:. "The jury having rendered a verdict in this case in favor of the defendants against the plaintiff for one thousand ($1,000.00) dollars including the interest at 7%, that is to say, seven hundred and fifty and forty-seven one hundred principal and the sum of two hundred and forty-nine and fifty-three one hundred dollars interest, judgment is hereby rendered in favor of the defendants against the plaintiff for one thousand dollars ($1,000) including interest, the same being seven hundred and fifty and forty-seven one hundred dollars ($750.47) principal, two hundred and forty-nine and fifty-three one hundred dollars ($249.53) interest and $——— as costs of suit." · During the term of the court at which the verdict and judgment were rendered the plaintiff filed a motion in arrest of judgment, upon the ground that the verdict and judgment. are void for uncertainty and not capable of being enforced, it appearing that said verdict was rendered in favor of the defendants, without stating whether it was in favor of the Pendley Lumber Company or in favor of William Pendley or Willis Pendley; and upon the further ground that the verdict is for principal and interest in one consolidated sum, without indicating what part of the sum is principal and what part interest, while the amount of the principal and interest should have been stated separately. The court overruled the motion in arrest of judgment, and the plaintiff excepted.

*F. K. McCutchen* and *Maddox, McCamy & Shumate,* for plaintiff.

*W. C. Martin, W. E. Mann,* and *C. N. King,* for defendants.

BECK, J. (After stating the foregoing facts.)

1. While the verdict would have been more perfect as a matter of form had it specified the defendants in whose favor upon the claim of set-off the same was rendered, the fact that it failed to name a particular defendant is not good ground for the arrest of judgment in this case, because it clearly appears that William and Willis Pendley were the only defendants having claims of set-off, and the verdict can have no other meaning than that it was a finding in favor of those defendants for the sum of $1,000, and in favor of the other defendant generally. And as the plaintiff is not

concerned as to the division of the amount between William and Willis Pendley, the verdict will not be set aside at his instance.

2.   The other ground upon which the motion in arrest of judgment is based points out such a defect in the verdict that the judgment based thereon must be arrested, unless the party in whose favor the verdict was rendered will himself renounce all future interest thereon; because as the verdict stands there would be necessarily a calculation of interest upon interest, which is not permissible.   It is true that in the judgment it was undertaken to segregate the principal and interest; but the proper segregation of the principal from the interest and what amount should have been allowed as principal and what as interest was a question for the jury, which they should have determined in their verdict, and the court was not authorized to do this in the judgment.   No basis for such a division of principal and interest as is found in the judgment is to be found in the verdict; nor could a basis for this division of the amount found in the verdict be obtained from the pleadings in the case. But if the defendants in whose favor the verdict was rendered renounce all future interest at the time at which the remittitur from this court shall be filed in the court below, or within twenty days thereafter, and will then make and file such a renunciation and amend the judgment already rendered in their favor accordingly, then the judgment shall be permitted to stand.   This direction here given is in accordance with that given in the case of *Buice* v. *Mc-Crary*, 94 *Ga.* 418 (20 S. E. 632), and the case of *Hubbard* v. *McRae*, 95 *Ga.* 705 (22 S. E. 714), where a similar situation was presented.   In case the prevailing party in the court below declines to enter the renunciation of future interest and to amend the judgment in accordance with what is said above, then the motion in arrest of judgment should be sustained, and the judgment of the court below refusing it will be reversed.   But if because of the failure of the prevailing party to renounce future interest the judgment of the court below be reversed, the verdict rendered at the former trial of this case is set aside and the case will be tried anew. For where in a civil case the judgment is arrested, as here, because of a defect in the verdict and judgment, and not upon a ground affecting the real merits of the claim upon which the verdict and judgment are rendered, the case shall be submitted to the court and

'a jury, that a verdict in accordance with the law and the facts may be rendered.

*Judgment affirmed, with direction. All the Justices concur.*