7347. READ PHOSPHATE COMPANY *v.* WELLS *et al.*

BROYLES, J. 1. While a court has plenary control of its judgments, orders, and decrees during the terms at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as in its discretion may seem necessary, the court is without power, after the expiration of the term at which a judgment or decree is ren-

dered, to amend it in any matter of substance, or in any matter affecting the merits. 1 Black on Judgments, §§ 153, 154; *McCandless* v. *Conley*, 115 *Ga.* 48, 50, 51 (41 S. E. 256).

2. A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded and the jury have dispersed, it can not be amended in matter of substance. Civil Code, § 5695.

(a) Where the intention of the jury is apparent on the face of the verdict, the form of it may be amended to conform to the apparent intention. *Corbett* v. *Gilbert*, 24 *Ga.* 454 (1). Where, however, the intention of the jury is not so manifest, it is error to reassemble the jury and amend the verdict according to what they then state it was their intention to find. *Settle* v. *Alison*, 8 *Ga.* 201 (7), 208 (52 Am. D. 393).

3. The judgment of a judge of a city court, sitting by consent without the intervention of a jury, is tantamount to the verdict of a jury. After the adjournment of the term of court at which the judgment was rendered, he has no authority to amend it in any matter of substance.

4. While the judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for irregularity (Civil Code, § 5963), a judgment which is void for any cause is a mere nullity, and may be so held in any court when it becomes material to the interests of the parties to consider it. Civil Code, § 5964.

5. Under the foregoing rulings, the judge of the city court of Washington had no authority to amend in a matter of substance, at a subsequent term of his court, a judgment which (sitting by consent without the intervention of a jury) he had rendered at a previous term. The amendment was void and a mere nullity, and the court erred upon the trial under review in admitting a copy of it in evidence over proper objection

6. Under the legal evidence submitted, the court erred in rendering a judgment in favor of L. M. Wells, the intervenor. The court in its original judgment having found that the property involved was subject to the fi. fa. of the Read Phosphate Company, and the evidence showing that the intervenor by taking a bill of sale and a new note for $1200 had made an entire novation of his original contract, the new note and bill of sale being inferior to the fi. fa. of the Read Phosphate Company, the entire fund in dispute should have been assigned to that company.

7. The testimony of W. A. Slaton for the intervenor was irrelevant, and the court erred in admitting it over proper objection.

8. Under the facts disclosed by the record, the plaintiff in error was entitled to its costs, and also to attorney's fees for bringing the fund into court. *Judgment reversed.*

DECIDED OCTOBER 4, 1916. REHEARING DENIED OCTOBER 27, 1916.

Money rule; from city court of Washington—Judge Wynne. March 9, 1916.

*C. E. Sutton, Colley & Colley,* for plaintiff in error.

*W. A. Slaton,* contra.