20068. JILL BROTHERS INC. *v.* HOLMES.

626

*Wallace Miller, John J. McCreary,* for plaintiff in error.
*George B. Culpepper Jr.,* contra.

Luke, J.   On July 16, 1927, C. H. Holmes sued out an attachment against Jill Brothers Inc., before a justice of the peace in Peach county, Ga., alleging that the defendant was indebted to him in the sum of $1239.18, and was a nonresident corporation.   The attachment was returnable to the September term, 1927, of the superior court of Peach county, and was levied by seizing certain personal property alleged to be the property of the defendant. Divers summons of garnishment were also served, and one of the garnishees answered "indebted" in the sum of $225.   A declaration in attachment was duly filed, returnable to the said September term wherein "plaintiff in attachment" alleged that defendant was indebted to him in the sum of $1239.38; that plaintiff had sworn out said attachment to enforce the collection of said sum, and that the same was levied by a constable of the 588th district of Upson county on certain personal property; and that said attachment was levied by the deputy sheriff of Peach county by serving summons of garnishment on five different garnishees.   The prayer of the declaration is in this language:   "Wherefore your petitioner prays judgment for his said debt, and for the sale of the property as aforesaid, and judgment against the garnishees aforesaid, and that the proceeds arising from the sale of the property and from the judgments against the garnishees shall be applied to the payment and satisfaction of said debt."

At the said term of the said court the defendant, by counsel, "entered its special appearance to deny the jurisdiction of the court," alleging:   "1.   That defendant has not been served with any process and did not acknowledge or waive same, and this court has not acquired jurisdiction of defendant's person.   2.   That this

court has not legally acquired jurisdiction of any of defendant's property, and no valid judgment can be rendered against defendant or against defendant's property in favor of plaintiff herein." On September 17, 1927, the defendant, "subject to its plea to the jurisdiction, and expressly reserving all defendant's rights to object to the jurisdiction of the court at every stage of the case," files a general demurrer, on the following grounds: "1. The declaration and attachment sets out no cause of action. 2. The bill of particulars attached to the declaration is vague and indefinite and does not apprise defendant with sufficient particularity of the nature of the claim sued on for reasons stated." It was prayed that "the grounds of this demurrer be inquired into by the court, and that the said action be dismissed." On September 17, 1927, subject to its plea to the jurisdiction, the defendant filed an answer which in effect denied each paragraph of the declaration.

The case was finally set for trial on March 7, 1929. On March 5, 1929, the defendant's counsel instructed the clerk of court to dismiss all of its pleadings and mark the case dismissed on the docket, and notified the presiding judge and opposing counsel of this fact. On the day the case was set for trial counsel for the plaintiff in attachment objected to the defendant's dismissing its pleadings, and insisted that he was entitled to a judgment in personam against the defendant. On March 7, 1929, the presiding judge passed the following order: "The above-stated case having been regularly assigned for trial at the regular March term, 1929, of Peach superior court, and the defendant therein, Jill Brothers Inc., having before said case was called for trial, by its counsel of record, John J. McCreary, dismissed its pleadings heretofore filed in said case, to wit, answer, demurrer, and plea to the jurisdiction; and the plaintiff having objected to the action of the defendant in voluntarily dismissing its pleadings as aforesaid, and the issue raised by this objection having been argued on the 7th day of March, 1929, at said regular term before me, it is considered, ordered, and adjudged that the defendant has the right to withdraw its pleadings, with the right on the part of the plaintiff to subject to its attachment such property as may be lawfully seized or brought into court by the proper process of this court." The granting of the foregoing order was not excepted to in any way.

Previous to the September, 1929, term of court, the judge notified

the defendant's counsel that he was not satisfied with his said judgment of March 7, 1929, and that he desired to hear further from counsel on that matter on September 5, 1929, during the regular term of court. "As a matter of courtesy to the court, and not in response to any order or process," the defendant's counsel appeared in court, and insisted that the plaintiff's contention that he was entitled to a judgment in personam had already been adjudicated against him by the said order of March 7, 1929, and that since no exception was taken to that order it was the law of the case. After argument the court "delivered an oral opinion from the bench to the effect that the plea to the merits filed by the defendant, although filed subject to its appearance made for the purpose of objecting to the jurisdiction of the court, both as to the person and the property of the defendant, and notwithstanding the order of the court of March 7, 1929, set out in this bill of exceptions, was yet the filing of such a plea as would authorize a judgment in personam against the defendant." To this ruling the defendant duly excepted. On September 6, 1929, the jury rendered a verdict against the defendant for the full amount sued for, and the court entered an appropriate judgment thereon. The defendant "adhered to its position that the court had no jurisdiction to render a personal judgment against the defendant in attachment," and made no appearance at the trial. The defendant excepted to the verdict and judgment on the ground that "the court was without jurisdiction to render a personal judgment against this defendant."

Whatever the effect of the pleadings filed by the defendant might have been, the court, whether rightly or wrongly, entered a solemn judgment on March 7, 1929, giving the defendant the right to withdraw those pleadings. This judgment, not being excepted to, is the law of the case, and it was beyond the power of the court to revoke, change, or modify it materially at a subsequent term of court. See *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656 (90 S. E. 358). Therefore the court's ruling of September 5, 1929, was illegal and subject to the exception filed thereto, and the subsequent proceedings in the case were nugatory. As to the right of the defendant to withdraw its pleadings, and as to the effect of filing them subject to the plea to the jurisdiction, see *Associated Press* v. *United Press,* 104 *Ga.* 51 (29 S. E. 869).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*