ROGERS *v.* RIGELL, executor, *et al.*

No. 11392. NOVEMBER 28, 1936. REHEARING DENIED DECEMBER 12, 1936.

*R. A. Moore* and *Heath & Heath,* for plaintiff.
*Kelley & Dickerson,* for defendants.

RUSSELL, Chief Justice. Rogers filed his equitable petition against certain named defendants, seeking cancellation of deeds, accounting, and other relief. On June 10, 1935, the case came on for trial at a recessed session of the March term, 1935, of the court. At the conclusion of the plaintiff's evidence on June 11, 1935, the defendants moved for a nonsuit, which was granted on said date, and judgment of nonsuit was rendered. The judge entered this judgment on the bench docket as having been rendered on June 11, 1935. However, the actual judgment written on the plaintiff's petition and signed by the judge, through mistake of the scrivener, was dated June 12, 1935. On December 11, 1935, within six months from the date appearing on the original judgment, the plaintiff, relying on June 12, 1935, as the correct date of the judgment, recommenced his action against defendants. At the March term, 1936, and after the adjournment of the term at which said judgment was rendered, the defendants filed therein their motion to have this judgment so revised and amended as to show that it was rendered on June 11, 1935, instead of June 12,

1935. The plaintiff, in response, set up that this motion should not be granted, that it appeared that the court was without jurisdiction and power to alter, change, revise, or amend the date of the judgment of nonsuit, as sought by the defendants, in that the term at which the same was rendered had expired, and that it was inequitable and unjust for defendants then to insist that the date of said judgment be changed to June 11, the plaintiff having relied on and been guided by the date of the original judgment as it appeared on the original petition, in recommencing the case, and that it was laches and negligence on defendants' part to wait until a subsequent term from the rendition of said judgment, nine months thereafter, and after the plaintiff had recommenced his action, before moving to have the date appearing on the original judgment changed and the minutes of the court amended in accordance therewith; and further that the defendants were estopped, and the judgment was binding on them. The judge granted the motion and amended said judgment, and the plaintiff excepted.

While it is true that "Every court has power . . to amend and control its processes and orders, so as to make them conform to the truth" (Code, § 24-104(6)), and "As a general rule, the court will amend the entries of its orders on the minutes, or the records and other proceedings, nunc pro tunc, . . where there is something on the face of the proceedings to amend by, from which what actually took place in the prior proceedings can be clearly ascertained and known," and "in all cases where such amendment will clearly be in furtherance of justice" (Code, § 81-1201), it is likewise the rule that "After the expiration of the term at which a judgment or decree was rendered, it is out of the power of the court to amend it in any matter of substance or in any matter affecting the merits." 1 Black on Judg. (2d ed.) § 154, 221. See *Lalimer* v. *Sweat*, 125 *Ga.* 475 (54 S. E. 673); *Read Phosphate Co.* v. *Wells*, 18 *Ga. App.* 656 (90 S. E. 358); *McCandless* v. *Conley*, 115 *Ga.* 48, 50 (41 S. E. 256); *Gulf Life Ins. Co.* v. *Gaines*, 50 *Ga. App.* 501 (179 S. E. 199); *Miraglia* v. *Bryson*, 152 *Ga.* 828 (111 S. E. 655). "The power of courts to correct clerical errors and misprisions and to make the record speak the truth by nunc pro tunc amendments after the term does not enable them to change their judgments in substance or in any material respect." 1 Freeman on Judg. (5th ed.) 269, § 141.

Mere clerical errors in entering a judgment may be amended after the term, where such error has not misled and does not prejudice the party opposing the amendment. 1 Black on Judg. (2d ed.) 223, 224, § 155. The date of the judgment of nonsuit in this particular case was of importance, in that the plaintiff, not having excepted thereto in any manner, had to recommence his equitable action against the defendants within six months from such date (Code, § 3-808), and to change the date of the judgment of nonsuit from June 12, 1935, to June 11, 1935, would certainly be to prejudice the rights of the plaintiff, and would as to this case be changing the judgment of nonsuit in a material and substantial manner and as respects the merits of the controversy, the second petition having been filed on December 11, 1935. The plaintiff relied on the date appearing on the original judgment of nonsuit as written on the first petition filed by him, in thereafter recommencing his action against the defendants within the statutory period, and it can not be said that the plaintiff was not misled by the error in the date of the judgment signed by the judge. For this judgment to be amended, even to conform to the actual date of its rendition, at a subsequent term, nine months later, and after the plaintiff has recommenced his case in reliance upon the date appearing upon the actual judgment itself, will result in the defendants then moving to dismiss the second action as having been filed too late. This would not, in this case, be conformable to justice and in furtherance thereof.

The decision in *Girardey* v. *Bessman,* 62 *Ga.* 654, is not controlling. In that case the judgment amended was one granting a motion for new trial, and the court said, that, the term not being adjourned finally, but merely adjourned for recess for a few days to resume business again for the same term, the judgment may be considered, for all practical and substantial ends, to have been rendered in term. Furthermore, in that case there was no question of the opposite party having relied upon and been misled by the erroneous entry of the date of the judgment to his prejudice. This court recognizes the usual exceptions to the general rule that a judgment can not be amended after the term; but this case does not, under its facts, fall within any of those exceptions.

Applying the foregoing principles, the trial judge erred in granting defendants' motion or application to amend the judgment of

**458**

nonsuit filed by the defendants, and in amending said judgment accordingly.

*Judgment reversed.* *All the Justices concur, except Atkinson and Bell, JJ., who dissent.*