BANK OF TUPELO *v.* COLLIER.

No. 13699.  JUNE 16, 1941.

R. A. *Edmondson Jr.*, and *Tye, Thomson & Tye*, for plaintiff in error.

W. L. *Bryan*, contra.

JENKINS, Justice. In *Bank of Tupelo* v. *Collier*, 191 *Ga.* 852 (3), 858 (supra), which involved a different but similar claim case between the same parties under the same original decree, but pertaining to different items and a different execution, it was held that "only that portion of a judgment which represents the principal due on the original debt is entitled to bear interest;" and therefore, where the decree provided for a gross sum including principal and interest, and did not specify separately the amount of each," it was error to refuse to strike the item of interest objected to, because it obviously included interest on interest." The judgment in favor of the plaintiff in fi. fa. on the claim was, however, affirmed, but with direction that she file a renunciation of interest on the judgment and "have the execution amended accordingly." In that case there had been no motion or order for an amendment of the original decree, so as to segregate the principal and interest and allow interest only on the principal. Consequently the judgment of this court in that case resulted in the elimination of all interest from that judgment and execution. However, in the instant case, the plaintiff in fi. fa., by motion, sought to amend, and over objection did so amend the judgment and execution as to segregate the principal and interest, and thus preserve the legal interest by striking from the decree and fi. fa. all amounts representing interest on interest, in accordance with findings and figures in the report of the commissioner in the partition proceeding, which was approved in the original decree. The question presented is whether the court erred in allowing such amendment.

During the term when a judgment or decree is rendered, the judge, in the exercise of a sound discretion to correct errors and promote justice, has plenary power to amend, modify, revise, supplement, or even supersede, revoke, or vacate his previous judgment or decree. *Latimer* v. *Sweat*, 125 *Ga.* 475 (2), 477 (54 S. E. 673); *Ga. Ry. & Electric Co.* v. *Hamer*, 1 *Ga. App.* 673 (58 S. E.

54); *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656 (90 S. E. 358); *Jill Bros. Inc.* v. *Holmes,* 40 *Ga. App.* 625 (150 S. E. 921). But after the term at which a judgment was rendered, the general rule is that the judgment is out of the power of the court to amend it in any manner, affecting the merits, in order to conform it to facts which do not appear from an inspection of the record, including the pleadings and verdict. *Richards* v. *McHan,* 139 *Ga.* 37 (3), 39 (76 S. E. 32); *Rogers* v. *Rigell,* 183 *Ga.* 455 (2), 458 (188 S. E. 704), and cit.; *Pulliam* v. *Jenkins,* 157 *Ga.* 18, 23 (121 S. E. 679), and cit.; *Miraglia* v. *Bryson,* 152 *Ga.* 828 (2) (111 S. E. 655); *McCandless* v. *Conley,* 115 *Ga.* 48, 50 (41 S. E. 256); *Frazier* v. *Beasley,* 59 *Ga. App.* 500, 502 (1 S. E. 2d, 458); *Gulf Life Insurance Co.* v. *Gaines,* 50 *Ga. App.* 504 (179 S. E. 199); 30 Am. Jur. 875, § 109; 1 Black on Judgments (2d ed.), 221, § 154. This does not mean, however, that a judgment can not, by a subsequent order of the court, be so amended as to conform to the verdict on which it was predicated, even after the issuance of an execution. In such a case the question is whether the judgment can be amended by an inspection of the record, including the verdict and pleadings, without parol or extraneous proof. *Dixon* v. *Mason,* 68 *Ga.* 478, 480; *Robinson* v. *Vickers,* 160 *Ga.* 362 (127 S. E. 849), and cit.; *Leonard* v. *Collier,* 53 *Ga.* 387, 390; *Saffold* v. *Wade,* 56 *Ga.* 174 (3-6), 177; *City of Atlanta* v. *Grant,* 57 *Ga.* 340 (5). The fact that the term has expired before the amendment is made will not afford ground of objection. *Rucker* v. *Williams,* 129 *Ga.* 828 (2), 830 (60 S. E. 155), and cit.; *Merchants Grocery Co.* v. *Albany Hardware Co.,* 44 *Ga. App.* 112 (5) (160 S. E. 658). Thus, not only mere clerical errors, but irregularities in the judgment, if they appear on the face of the record, may be corrected after the expiration of the term. "Greater liberality of amendment is allowed in Georgia than in some other States." *Latimer* v. *Sweat,* supra, and cit. Where a judgment has been rendered for principal, interest, and costs, without specifying any amounts, but they are determinable "by inspection of the record, including the pleadings and verdict, without resort to extraneous proof," the judgment may be amended at a subsequent term by inserting the several amounts thus shown to be due. *Bell* v. *Bowdoin,* 109 *Ga.* 209, 210 (34 S. E. 339). See *Bentley* v. *Phillips,* 171 *Ga.* 866 (5), 877 (156 S. E. 898); *Scarborough* v. *Merchants*

*& Farmers Bank,* 131 *Ga.* 590 (62 S. E. 1040); *Alexander* v. *Troutman,* 1 *Ga.* 469.

Nothing to the contrary was held in *Bishop* v. *Pendley Lumber Co.,* 141 *Ga.* 826, 828 (82 S. E. 237), where, although the original judgment sought to segregate the principal and interest, the verdict was "defective and ambiguous," in that it found a stated sum "including interest," and it was held that "no basis for the apportionment of the principal and interest as they appear in the judgment [could be] found in the record" or "obtained from the pleadings in the case." The judgment therefore was affirmed with direction that it be amended by eliminating all interest accruing after its date. Not only was no motion made to amend the judgment by a proper segregation of principal and interest, but even if it had been made it could not have prevailed, not only because the verdict afforded no basis for any proper amendment, but because "the record" and "the pleadings" furnished no such basis. A similar direction was given in *Hubbard* v. *McRae,* 95 *Ga.* 705 (22 S. E. 714), where the judgment was for an aggregate sum including interest, but where, as in *Bank of Tupelo* v. *Collier,* supra, there was no motion to amend by a proper segregation of principal and interest. In *Harris* v. *Usry,* 77 *Ga.* 426, where a judgment and fi. fa., allowing the recovery of interest on interest in a chattel-mortgage foreclosure were held illegal, there appears to have been no motion to amend either by making a proper segregation of principal and interest or by eliminating the illegal future interest. In *Buice* v. *McCrary,* 94 *Ga.* 418 (20 S. E. 632), as in the *Bishop* case, it was held that the verdict for $41.44 "principal and interest" was "ambiguous, inasmuch as it does not clearly disclose whether the interest referred to was interest to be computed on the amount specified, or was interest already computed and included in that amount." The refusal of a new trial was affirmed, with direction that future interest be eliminated. There was no motion for an amendment segregating the principal and interest; and it does not appear that the record afforded any basis for such a computation.

Under the foregoing rules, the court did not err, on motion of the plaintiff in fi. fa., in amending the original decree, even though several years passed before the amendment, where, although the decree found for the plaintiff a stated aggregate amount of "prin-

cipal and interest to date," yet the decree approved the commissioner's report in the record, which found in favor of the plaintiff a stated amount of principal, to be prorated between the cotenants, who were parties to the case, found the date when the plaintiff paid the principal amount, found that she recover interest at seven per cent. thereon, and found other data, affording a basis for ready calculation of the respective amounts of principal and interest due by this defendant in fi. fa. at the time of the original decree; and where the amendment merely segregated the lump total into its proper components of principal and interest according to the approved findings of the commissioner, and provided for future interest only on the principal, as required by the Code, §§ 110-304, 57-108. The approved findings of the commissioner or master were analogous to the verdict of a jury as a basis for amending the decree.

The claimant excepted also to the amendment of the judgment, on the ground that the amendment was one of substance, "affecting the merits and one affecting the rights of claimant [as] a bona fide purchaser for value." While it is true, under the doctrine of estoppel, that an amendment of a judgment or decree might be precluded if the error has misled and prejudiced the one who opposes the amendment (*Rogers* v. *Rigell,* supra, citing 1 Black on Judgments (2d ed.), 223, 224, § 155), there was no evidence to show that the present claimant relied on the terms of the original decree, or to show prejudice from such a reliance. Furthermore, even had such a reliance and prejudice been shown, the claimant bought the land from the defendant in fi. fa. after the entry of the original decree, and was bound by the record in the case. The decree by its terms "approved" the report of the commissioner, which showed all of the data forming the basis of the amendment; and the amendment properly conforming thereto, so as to correct a manifest inaccuracy, the claimant was not entitled to object under the principle of estoppel. The decision in *Ligon* v. *Rogers,* 12 *Ga.* 281 (3), 291, does not hold to the contrary. There a bona fide purchaser bought property from an *estate* after an original judgment had been entered only against the executors in their *personal* capacity without any judgment or lien against property of the *estate.* Against such a purchaser, it was decided that no amendment could be made to create an incumbrance on property of the estate as of

the date of the judgment, where the judgment provided for no incumbrance.

The additional contention, by brief of the claimant, that the amendment was erroneous because the plaintiff in fi. fa. did not give the defendant in fi. fa. any notice of the motion to amend the decree, does not appear in any exception or assignment of error. The amendment of the original decree being proper, the amendment of the fi. fa. also was proper; and the court did not err in admitting the amendments in evidence, and in finding against the claimant.      *Judgment affirmed.   All the Justices concur.*