38657.   SEWELL v. PEOPLES LOAN & FINANCE
COMPANY.

DECIDED FEBRUARY 7, 1961—REHEARING DENIED
FEBRUARY 15, 1961.

*John D. Edge, Harold S. Deaton,* for plaintiff in error.
*Ben Lancaster, David N. Vaughan, Jr.,* contra.

FRANKUM, Judge. ■ The trial court properly overruled the

defendant's motion to dismiss the foreclosure on the ground that there was no separation of principal and interest. The purpose of the rule requiring the separation of principal and interest is explained in *Harris v. Usry*, 77 Ga. 426, as follows: "To allow the principal and interest to be joined in one sum in the foreclosure would be to allow interest to be collected on the interest." In the instant case the foreclosure affidavit states the defendant "is indebted to the said corporation [plaintiff] on said note and contract in the sum of $653.06 principal, plus interest at the rate of 8%, per annum from January 1, 1959. . ." Though the interest is not stated in an exact sum, it can be calculated. The principal amount is stated as a separate sum (and must be accepted as true at this stage of the proceeding), and under the form of foreclosure, it does not permit the collection of interest upon interest. The foreclosure proceeding is not fatally defective when the principal is alleged as a separate sum, and all that remains to make the interest certain is a simple calculation.

■ The affidavit of illegality contains only one paragraph relative to usury, which, briefly, is as follows: ". . . at the time the conditional-sales contract was executed on which this action arose the agent of the S. & W. Motors assignors of . . . the contract exacted the sum of $249.84 as carrying charges when the most he could have exacted . . . under the usury laws of this state was $101.76 . . ." The requirement of a plea of usury is set forth in *Code Ann.* § 81-901, as follows: "The plea of usury must set forth the sum upon which it was paid or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken, or reserved."

"A plea of usury must set forth the sum on which the usury was paid, or is to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken or reserved, and the evidence to sustain a plea of usury must show such facts." *Laramore v. Bank of Americus*, 69 Ga. 722 (2). See *Tillman v. Morton*, 65 Ga. 386.

"The requirements of a plea of usury, where the purpose of the plea is either to recover back usury paid or set off the same

against the plaintiff's demand, are fixed by statute. Civil Code, § 5090 [*Code Ann.* § 81-901]. The purpose of this statute is to require the defense of usury to be so pleaded that the amount that is sought to be recovered or set off may be determined accurately from the allegations in the plea, without aid from extraneous sources. Any defect, therefore, in such a plea which would prevent the determination of the amount would be a defect in substance, and can be taken advantage of by a general demurrer in writing, or an oral motion to strike." *Burnett v. Davis & Co.,* 124 Ga. 541, 543 (52 S. E. 927). See also *Commerce Finance Co. v. Perry,* 67 Ga. App. 491 (21 S. E. 2d 123). Measured by the above authorities the affidavit of illegality is wholly lacking in allegations essential to set forth a plea of usury. The principal amount on which usury is claimed to be charged is not alleged, nor the time within which the alleged usury would accrue. From the allegations of the affidavit of illegality it is not possible to determine whether the contract is tainted with usury.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*