## 48371. SIRMANS v. CITIZENS & SOUTHERN NATIONAL BANK.

STOLZ, Judge. The plaintiff bank filed its affidavit of foreclosure on personalty, based upon five conditional sales contracts, to which defendant Sirmans filed an affidavit of illegality upon the ground, inter alia, that the principal and interest were not separated. The bank amended its affidavit, alleging that the sums sought included accrued interest, but again did not separate the amounts of principal and interest. The trial judge entered a lump sum judgment in favor of the plaintiff, which included both principal and interest, plus a 10% penalty for filing the affidavit of illegality "for the purpose of delay only," from which judgment the defendant appeals. *Held:*

"Where, in the foreclosure of a mortgage on personalty, the principal and interest were not separated, the foreclosure was fatally defective and the fi. fa. was properly quashed on demurrer. To allow the principal and interest to be joined in one sum in the foreclosure would be to allow interest to be collected on interest." *Harris v. Usry,* 77 Ga. 426. The foregoing is a full-bench, unreversed decision of the Supreme Court of this state. It is binding on this court and controlling in this case.

The case sub judice is substantially different from *Dampier v. C. & S. Nat. Bank,* 129 Ga. App. 240 (2), in which this writer joined with Judge Deen in concurring in the dissent written by Judge Evans. In *Dampier,* the foreclosure affidavit recited that there ". . . is now outstanding and due the Citizens & Southern National Bank upon conditional sales contracts the sum of $3,606.37. . ." In *Dampier* the process directed the sheriff to "cause to be paid the sum of $3,606.37 and ———— dollars for costs." The majority of this court held in *Dampier* that the foregoing constituted *no claim for interest on interest.*

Conceding, arguendo, that the foregoing is the correct rule, the *Dampier* rationale cannot be applied in this case. Here, the foreclosure affidavit as amended, plainly sets forth claims in separate paragraphs arising under five conditional sales contracts *with each having a specific notation that the amount claimed under each contract includes principal and interest.* As

heretofore noted, the trial judge aggregated the amounts claimed by the bank (principal and interest) into one lump sum in his judgment.

Code § 110-304 provides, ". . . no part of such judgment shall bear interest except the principal which may be due on the original debt."

Accordingly, the rule stated by the Supreme Court in *Harris v. Usry,* 77 Ga. 426, supra, is controlling and the judgment of the trial court must be reversed.

*Judgment reversed. Hall, P J., and Pannell, J., concur.*

SUBMITTED JUNE 29, 1973 — DECIDED SEPTEMBER 4, 1973.

*Elsie H. Griner,* for appellant.
*Tillman, Brice, McTier & Coleman, John T. McTier,* for appellee.