## 49584. SIRMANS v. CITIZENS & SOUTHERN NATIONAL BANK.

DEEN, Judge.

1. "Where a judgment in favor of one of two parties litigant is reversed by the appellate court without direction, and where only questions of fact, or mixed questions of law and fact are involved, the legal result is a new trial, not the rendition of a judgment without trial and as a matter of course. *Schley v. Schofield & Son,* 61 Ga. 528." *Smith v. Smith,* 119 Ga. App. 619, 620 (168 SE2d 609).

2. The rule has always been that the grant of a new trial is a de novo proceeding insofar as the right to amend by supplying additional germane allegations of fact is concerned. *Glisson v. Bankers Health &c. Ins. Co.,* 64 Ga. App. 300 (13 SE2d 84). Nothing in the Civil Practice Act has changed the right to amend under such circumstances. Code Ann. § 81A-115. Under the corresponding Federal Rule 15 it is generally held that

where a case is reversed and remanded for further proceedings the right to amend remains within the court's discretion. See Jones v. St. Paul Fire &c. Co., 108 F2d 123; Silverman v. McGinnes, 170 FSupp. 813.

3. Affidavits of illegality are amendable. Code § 39-1005. Amendments which merely amplify the grounds of the original affidavit do not require a sworn statement that the facts stated were unknown to the movant when the illegality was first filed. *Mayor &c. of Savannah v. Wade,* 148 Ga. 766 (1) (98 SE 464).

4. In the present case the plaintiff bank filed an affidavit of foreclosure on personalty based on five conditional sales contracts. Defendant filed an affidavit of illegality. The court, hearing the facts without a jury, entered up judgment for the plaintiff. This court reversed (*Sirmans v. C. & S. Nat. Bank,* 129 Ga. App. 551 (199 SE2d 894)) on the sole ground that the judgment lumped together principal and interest which was illegal because "to allow the principal and interest to be joined in one sum in the foreclosure would be to allow interest to be collected on interest." This court gave no special directions either for modifying the judgment as entered or for entering final judgment. Thereafter, and before the remittitur was made the judgment of the trial court, plaintiff amended in such manner as to separate the amounts of principal and interest in its pleadings. The amendment was properly allowed by the trial court.

5. In the ensuing trial a witness for the bank explained the manner in which a determination of the amount allocable to principal and interest had been made, referring to rate amortization tables. The jury, under proper instruction from the court, found in favor of the plaintiff, and the court entered up a judgment for principal and interest separately with an order for the payment of future interest on the principal sum only. This judgment is without error.

6. It does not appear that the appeal was for purposes of delay only; accordingly, the appellee's motion for assessment of damages is denied.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1974 — DECIDED OCTOBER 11, 1974.

*Elsie H. Griner,* for appellant.
*Tillman, Brice, McTier & Coleman, John T. McTier,* for appellee.